UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>Plaintiff,<br><br>v.<br><br>L. SULLIVAN, et al.,<br><br>Defendants. | No. 2:14-cv-85-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

/////

1

1     Court records reflect that on at least three prior occasions, plaintiff has brought actions
2  while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon
3  which relief may be granted.  *See Womack v. Contra Costa County*, No. C 04-3043 MMC, 2004
4  U.S. Dist. LEXIS 21975 (N.D. Cal. Oct. 13, 2004) (identifying (1) *Womack v. Superior Court*,
5  99-2470 MMC (N.D. Cal. July 6, 1999) (Order of Dismissal) and (2) *Womack v. Daley*, 99-2469
6  MMC  (N.D. Cal. July 6, 1999) (Order of Dismissal) as among the 42 U.S.C. § 1983 actions filed
7  by plaintiff, which "were dismissed on the grounds that such actions were frivolous, malicious, or
8  failed to state a claim upon which relief may be granted" and declaring plaintiff a three-strike
9  litigant); *Womack v. Donahoo*, No. 2:12-cv-3110-WBS-EFB (E.D. Cal. Sept. 13, 2013) (order of
10  dismissal for failure to state a claim).

11     Further, it does not appear that plaintiff was under imminent threat of serious physical
12  injury when he filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d
13  1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where
14  complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical
15  injury at the time of filing).  In the complaint, plaintiff alleges that his mental health care
16  providers at Folsom State Prison refused to document his post-traumatic stress disorder, thereby
17  preventing him from obtaining single-cell status.  He claims he was so stressed out that he began
18  grinding his teeth, until one of his molars broke into two pieces.  In response to this incident,
19  plaintiff was allegedly sent to the medical observation housing unit, where he was able to explain
20  to the mental health providers his feelings about his post-traumatic stress disorder and his belief
21  that his mental health providers were not documenting his concerns.  Plaintiff's dental needs were
22  met at the medical observation housing unit, which then transferred plaintiff to a state mental
23  hospital.  The doctors at the state mental hospital apparently agreed that plaintiff suffers from
24  post-traumatic stress disorder and that he should be single-celled during his stay there.  Plaintiff
25  claims that once he was "properly diagnosed and receiving correct medication for his PTSD[,] he
26  was sent back to Folsom State Prison."  Plaintiff claims that when he returned to Folsom State
27  Prison, he was placed in the Enhanced Outpatient Program, which is "a lock-up mental health
28  single-cell program."  Plaintiff claims that before he was diagnosed by the providers at the state

1 mental hospital, he had been retaliated against for refusing cellmates.  He claims that the
2 defendants had refused to treat his post-traumatic stress disorder and "single-cell issues" and/or
3 retaliated against him for seeking single-cell status.  ECF No. 1 at 11.  Plaintiff, who claims to
4 now be single-celled in the Enhanced Outpatient Program, has not demonstrated that he faced an
5 imminent danger of serious physical injury at the time he filed the complaint.  Thus, the imminent
6 danger exception does not apply.

7     Because plaintiff has not paid the filing fee and is not eligible to proceed in forma
8 pauperis, this action must be dismissed.

9     Accordingly, it is hereby ORDERED that the Clerk of the Court randomly assign a United
10 States District Judge to this case.

11     Further, IT IS HERBEY RECOMMENDED that plaintiff's request for leave to proceed in
12 forma pauperis be denied and this action be dismissed without prejudice to re-filing upon pre-
13 payment of the $400 filing fee.  *See* 28 U.S.C. §§ 1914(a), 1914 (District Court Miscellaneous
14 Fee Schedule, No. 14), 1915(g).

15     These findings and recommendations are submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
17 after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
20 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
21 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
22 Dated: January 29, 2014.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE